UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL FESTINGER,

          Plaintiff,

- against -

SNITOW KAMINETSKY ROSNER &
SNITOW, LLP, FRANKLYN H. SNITOW,
ELLIOT J. ROSNER, JUSTICE RACHEL A.
ADAMS, CHARNIE ROSENBAUM, JOHN
DOE #1 THROUGH #10, and JANE DOE #1
THROUGH #10,

          Defendants.

**ORDER**

20 Civ. 9784 (PGG) (JW)

PAUL G. GARDEPHE, U.S.D.J.:

        This case, brought by pro se Plaintiff Samuel Festinger, was closed in March 2022 pursuant to this Court's March 28, 2022 Order granting Defendants' motions to dismiss. (See Mar. 28, 2022 Order (Dkt. No. 81)) Festinger filed a notice of appeal on April 21, 2022, but on October 5, 2022 his appeal was dismissed. (USCA Mandate (Dkt. No. 85))

        On June 27, 2022, non-party Joseph Paukman – who alleges that he is an attorney – submitted a "Motion to warn this Court of Fraud upon the Court and Evidentiary deposition of Samuel Festinger." (Paukman Ltr. (Dkt. No. 84))

        Paukman's motion is difficult to understand. It appears that he is requesting that this Court allow him to depose Samuel Festinger in connection with vague allegations of "fraud upon the Court and upon [Paukman] [him]self." (Id. at 3, 7)

        Paukman appears to allege that Festinger has forged Paukman's notary stamp and seal, or otherwise used them without Paukman's authorization. (See, e.g., id. at 2-3 (alleging "numerous forgeries of [Paukman's] notary [stamp] on ACRIS [New York City's Automated

City Register Information System]")) Paukman also appears to allege that Festinger has been involved in other fraudulent conduct directed against Paukman. (Id. at 3 (citing alleged "acts committed against [Paukman]" by Festinger in an unidentified "SDNY Bankruptcy court" proceeding)) In support of his request, Paukman references this Court's "inherent authority[] [to] sanction fraud on the court" and attaches several mortgage documents which bear a notary stamp containing Paukman's name. (See id. at 4; Dkt. No. 84-1 at 6-14) Paukman does not explain the relevance of these documents to his request.

Paukman has also not identified any fraudulent uses of his identity in any proceedings before this Court. Nor has Paukman identified any procedural mechanism whereby a non-party may seek an "[e]videntiary hearing" or a deposition with respect to a party's alleged fraud in matters unrelated to those before the Court.

In short, there is no basis for this Court to take any action as a result of the allegations in Paukman's June 27, 2022 motion. Accordingly, his application is denied.

The Clerk of Court is directed to terminate the motion (Dkt. No. 84).

Dated: New York, New York
March 31, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge